T.C. Memo. 2003-123

UNITED STATES TAX COURT

ROCKIE D. ELMORE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14374-02L.                    Filed April 29, 2003.

Rockie D. Elmore, pro se.

Scott A. Hovey, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This matter is before the Court
on petitioner's Motion to Dismiss.  Petitioner contends that the
Court lacks jurisdiction over the petition on the ground the
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330, dated April 11, 2002, upon which this
case is based, is invalid because it was not signed by the

Appeals officer who conducted the administrative hearing.[1]  As discussed in detail below, we shall deny petitioner's Motion to Dismiss.

Background

The record establishes and/or the parties do not dispute the following:

A.  Final Notice of Intent To Levy

On January 25, 2001, respondent sent to Rockie D. Elmore (petitioner) and Leslie J. Elmore (together, the Elmores) a Final Notice–Notice of Intent to Levy and Notice of Your Right to a Hearing under section 6330 in respect of their outstanding tax liability for 1998.  The final notice of intent to levy was issued by the Chief of the Automated Collection Branch in Austin, Texas.

B.  The Elmores' Request for a Hearing

On February 14, 2001, the Elmores filed with respondent Form 12153, Request for a Collection Due Process Hearing, in respect of their tax liability for 1998.  The Elmores' request for a hearing stated that they were challenging the final notice of intent to levy.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

C.  The Appeals Office Hearing

On March 28, 2002, the Elmores attended an administrative hearing conducted by Appeals Officer Concepcion Robles, whose post of duty was San Antonio, Texas.  The administrative hearing was held at the IRS Appeals Office in Corpus Christi, Texas, the city in which the Elmores resided.

By Appeals Transmittal and Case Memo dated April 1, 2002, Appeals Officer Robles recommended to his manager that the Appeals Office issue a notice of determination.  At that time, the Appeals officer's manager was Appeals Team Manager John LaCoke of the San Antonio Appeals Office (ATM LaCoke).[2]  However, ATM LaCoke was out of the office from April 2 to 4, 2002.  In his absence, ATM LaCoke designated Appeals Officer Glenn Pederson as the acting team manager.  On April 3, 2002, Acting ATM Pederson approved the recommendation of Appeals Officer Robles that the Appeals Office issue a notice of determination.

D.  Respondent's Notice of Determination

On April 11, 2002, the Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under

---

[2]  An Appeals team manager (ATM) is a supervisory Appeals officer who is responsible for managing and reviewing Appeals officers within the jurisdiction of a particular Appeals Office. An ATM's duties include, inter alia, reviewing work for quality and professional standards, approving recommendations by Appeals officers who lack authority to take the recommended action themselves, and supervising the general work performance of Appeals officers.

Section 6320 and/or 6330 with regard to petitioner's tax liability for 1998. The notice of determination stated in pertinent part: "Enforced collection, in the form of the proposed levy action, is appropriate in this situation."

The notice of determination was executed on behalf of ATM LaCoke by John T. Benton, Appeals Team Manager of the Appeals Office in Austin, Texas (ATM Benton). At that time, the Austin and San Antonio Appeals Offices shared a Records Unit, which was located in Austin. The Records Unit was responsible for mailing all notices of determination for the two offices. The agreed upon practice was for ATM Benton to sign for ATM LaCoke whenever approval for the issuance of a notice of determination was given by an acting ATM in the San Antonio Appeals Office. The Austin and San Antonio Appeals Offices adopted this practice in order to eliminate any question regarding the validity of a notice of determination that was mailed after the acting ATM's authority had expired.

E. The Petition

On September 9, 2002, petitioner filed with the Court a petition challenging respondent's notice of determination dated April 11, 2002.[3] Although Leslie J. Elmore joined in filing the

---

[3] The petition in this case was timely filed under sec. 6330(d)(1) inasmuch as petitioner initially filed a timely complaint challenging the notice of determination in Federal District Court, and petitioner subsequently filed his petition
(continued...)

petition in this case, the Court granted respondent's motion to dismiss as to Leslie J. Elmore on the ground that a notice of determination was not issued to her.

F.  Petitioner's Motion To Dismiss

As stated, petitioner filed a Motion to Dismiss.  Respondent filed an objection to petitioner's motion.  Pursuant to notice, this matter was called for hearing (on two occasions) at the Court's motions session in Washington, D.C.  Counsel for respondent appeared at the hearings and offered argument in opposition to petitioner's motion to dismiss.[4]  Although there was no appearance by or on behalf of petitioner at either hearing, petitioner filed with the Court a written statement pursuant to Rule 50(c), as well as a Response to respondent's objection.

---

[3](...continued)
with this Court within 30 days of the District Court's order dismissing the action for lack of subject matter jurisdiction. See Hickey v. Commissioner, T.C. Memo. 2003-76.

[4]  During the second hearing, counsel for respondent informed the Court that the Office of Chief Appeals recently issued Delegation Order No. App 8-a authorizing: (1) Appeals officers and Settlement officers to conduct hearings and make determinations under secs. 6320 and 6330; and (2) Appeals Team Managers to review and approve such determinations.  The effective date of this delegation order is Mar. 17, 2003.  The delegation order concludes as follows: "To the extent that authority previously exercised consistent with this order may require ratification, it is hereby affirmed and ratified."

Discussion

The Tax Court is a court of limited jurisdiction. We may exercise jurisdiction only to the extent expressly authorized by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976).

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days prior to proceeding with a levy on a person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with a levy until the taxpayer has been given notice of and the opportunity for an administrative review of the matter, in the form of an Appeals Office hearing, and if dissatisfied, the taxpayer may seek judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(b)(1) provides that if the taxpayer requests an administrative hearing, such hearing will be conducted by the Internal Revenue Service Office of Appeals. Section 6330(c)(2) provides that an Appeals officer shall investigate the matter and

obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met. Further, section 6330(c)(3) lists the factors that an Appeals officer must consider in making his or her determination.

When the Appeals Office issues a determination letter to a taxpayer following an administrative hearing regarding a notice of intent to levy, section 6330(d)(1) provides that the taxpayer will have 30 days following the issuance of such determination letter to file a petition for review with the Tax Court or Federal District Court, as appropriate. See <u>Offiler v. Commissioner</u>, 114 T.C. 492, 498 (2000). We have held that this Court's jurisdiction under section 6330 depends upon the issuance of a valid determination letter and the filing of a timely petition for review. See <u>Sarrell v. Commissioner</u>, 117 T.C. 122, 125 (2001); <u>Moorhous v. Commissioner</u>, 116 T.C. 263, 269 (2001); <u>Offiler v. Commissioner</u>, <u>supra</u> at 498; see also Rule 330(b).

As indicated, petitioner challenges the validity of the notice of determination on the ground that it was not properly signed. In addressing petitioner's contention, we note as an initial matter that section 6330 does not require that a notice of determination be signed. Cf. <u>Pendola v. Commissioner</u>, 50 T.C. 509, 513-514 (1968) (a notice of deficiency need not be signed in order to be valid); <u>Fox v. Commissioner</u>, T.C. Memo. 1993-277, affd. without published opinion 69 F.3d 543 (9th Cir. 1995)

(holding that section 6212 does not require that a notice of deficiency be signed).

Although the provisions cited above reflect the prominent role that Appeals officers are assigned in collection review cases, we reject the premise underlying petitioner's position; i.e., that only the Appeals officer who conducted the administrative hearing may sign a notice of determination. To the extent that the Commissioner and/or the Office of Chief Appeals has decided that notices of determination under sections 6320 and 6330 should be reviewed, approved, and signed by Appeals Team Managers (as was the case here), such decision is not in derogation of section 6330 but rather constitutes an internal agency matter that we are not inclined to question.[5]

Consistent with the preceding discussion, we conclude that the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated April 11, 2002, upon which this case is based, is valid. Accordingly, we shall deny petitioner's

---

[5] Indeed, by interposing a layer of review between the determination by an Appeals officer and the issuance of a notice of determination, the taxpayer protections afforded by sec. 6330 are strengthened, which is consistent with the enactment of that section by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401(b), 112 Stat. 685. See S. Rept. 105-174, at 67-69 (1998), 1998-3 C.B. 537, 603-605; H. Conf. Rept. 105-599, at 263-266 (1998), 1998-3 C.B. 755, 1017-1020; cf. sec. 7122(d)(1) (requiring procedures for an independent administrative review of any rejection of a proposed offer-in-compromise or installment agreement made by a taxpayer before such rejection is communicated to the taxpayer).

Motion to Dismiss.

In order to give effect to the foregoing,

<u>An order denying petitioner's</u>

<u>motion to dismiss will be issued</u>.