119 T.C. No. 11

UNITED STATES TAX COURT

RANIE M. RAYMOND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2354-01L.              Filed October 22, 2002.

On her 1991 tax return, P's filing status was listed as "Married filing separate return". On Jan. 9, 2001, R sent P a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 regarding the 1991 tax year in which R determined that P was not entitled to raise a spousal defense because she did not file a joint return. On Feb. 12, 2001, P sent to the Tax Court a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d). R filed a Motion for Partial Summary Judgment on the issue of whether P is eligible for relief under I.R.C. sec. 6015.

<u>Held</u>: The petition was timely filed in order for the Court to have jurisdiction to review R's denial of spousal relief. Sec. 6015(e)(1), I.R.C.

<u>Held</u>, <u>further</u>, R's Motion for Partial Summary Judgment is granted because there is no genuine issue as to whether P is entitled to relief under I.R.C. sec.

6015.  P is not entitled to relief under I.R.C. secs.
6015(b), (c), and (f) because she did not file a joint
return.

Ranie M. Raymond, pro se.

A. Gary Begun, for respondent.

OPINION

VASQUEZ, Judge:  This case is before the Court on respondent's motion for partial summary judgment under Rule 121.[1]

Background

At the time of the filing of the petition, petitioner resided in Livonia, Michigan.  On her 1991 Federal income tax return, petitioner's filing status was listed as "Married filing separate return".  At the time of the filing of the tax return, no payment was made on the amount reported as due on the tax return.  Respondent applied petitioner's tax refunds from 1995 and 1998 in partial satisfaction of the amount due for 1991.

On July 11, 2000, respondent sent petitioner a Final Notice: Notice of Intent to Levy and Notice of Your Right to a Hearing.[2] On January 9, 2001, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320

_____

[1]  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

[2]  The notice listed that petitioner owed $7,097.82 in unpaid taxes for 1991 and $8,211.05 in penalties and interest for that year.

and/or 6330 (notice of determination) regarding her 1991 tax year.  In the notice of determination, respondent determined that the collection against petitioner should be sustained because petitioner did not file a joint return and, therefore, was not entitled to raise a spousal defense.

On February 12, 2001, petitioner sent a letter to the Court regarding the notice of determination.  The Court received the letter on February 16, 2001.  The Court filed petitioner's letter as a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d) (petition).  On March 14, 2001, the Court received petitioner's amended petition, which was filed as an Amended Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d).

On June 14, 2001, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the time prescribed by section 6330(d).  Petitioner objected to this motion.  On January 2, 2002, respondent filed a Motion to Withdraw Respondent's Motion to Dismiss for Lack of Jurisdiction.  On January 2, 2002, respondent also filed a Motion for Partial Summary Judgment on the issue of whether petitioner is eligible for relief under section 6015.  On January 30, 2002, petitioner filed a response to respondent's motion for partial summary judgment wherein petitioner objected to the granting of the motion.

Discussion

Petitioner alleges that she signed a blank form, she did not fill out the tax return, and she did not earn the income listed on the tax return. Petitioner filed the petition to request relief from liability under section 6015 for tax due on the income listed on her tax return that she allegedly did not earn.

The issues presented are: (1) Whether the petition was timely filed for this Court to have jurisdiction; and (2) whether a taxpayer must file a joint return to be eligible for relief under section 6015.

I. Jurisdiction

It is well settled that this Court can proceed in a case only if we have jurisdiction and that any party, or the Court sua sponte, can question jurisdiction at any time, even after the case has been tried and briefed. Neely v. Commissioner, 115 T.C. 287, 290 (2000); Romann v. Commissioner, 111 T.C. 273, 280 (1998); Normac, Inc. & Normac Intl. v. Commissioner, 90 T.C. 142, 146-147 (1988); Brown v. Commissioner, 78 T.C. 215, 218 (1982).

Our jurisdiction under section 6330(d)(1) depends on the issuance of a valid notice of determination and a timely petition for review. Lunsford v. Commissioner, 117 T.C. 159, 165 (2001). Section 6330(d)(1) provides that a person may appeal a notice of determination by filing a petition within 30 days of the notice. Sec. 6330(d)(1).

We lack jurisdiction to review petitioner's claim under section 6330. Petitioner filed a petition with this Court later than 30 days after the notice of determination.[3] We have held that the 30-day period provided by section 6330(d)(1) is jurisdictional and cannot be extended. <u>McCune v. Commissioner</u>, 115 T.C. 114, 117 (2000).

However, petitioner raised a spousal defense in the Appeals Office proceeding before the Commissioner made a final determination. Sec. 6330(c)(2)(A)(i); sec. 301.6330-1(e)(2), Proced. & Admin. Regs. In the notice of determination, respondent determined that petitioner was not entitled to relief under section 6015 because she did not file a joint return.

The timeliness of the petition, insofar as it seeks review of the administrative denial of section 6015 relief, is, therefore, dependent upon section 6015(e)(1).[4] Under this

---

[3] Petitioner sent her petition to the Tax Court 34 days after respondent mailed her the notice of determination.

[4] Sec. 6015(e)(1) provides, in pertinent part:

SEC. 6015(e). Petition for Review by Tax Court.--

(1) In General.--In the case of an individual against whom a deficiency has been asserted and who elects to have subsection (b) or (c) apply--

    (A) In General.--In addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed--

(continued...)

section, we have jurisdiction to review respondent's determination as to section 6015 relief because petitioner filed her petition within 90 days of the notice of determination.[5]

---

[4](...continued)

       (i) at any time after the earlier of--

          (I) the date the Secretary mails, by certified or registered mail to the taxpayer's last known address, notice of the Secretary's final determination of relief available to the individual, or

          (II) the date which is 6 months after the date such election is filed with the Secretary, and

       (ii) not later than the close of the 90th day after the date described in clause (i)(I).

[5] See sec. 301.6330-1(f)(2), Proced. & Admin. Regs. This regulation provides:

Q-F2. With respect to the relief available to the taxpayer under section 6015, what is the time frame within which a taxpayer may seek Tax Court review of Appeals' determination following a CDP hearing?

A-F2. If the taxpayer seeks Tax Court review not only of Appeals' denial of relief under section 6015, but also of relief with respect to other issues raised in the CDP hearing, the taxpayer should request Tax Court review within the 30-day period commencing the day after the date of the Notice of Determination. If the taxpayer only seeks Tax Court review of Appeals' denial of relief under section 6015, the taxpayer should request review by the Tax Court, as provided by section 6015(e), within 90 days of Appeals' determination. If a request for Tax Court review is filed after the 30-day period for seeking judicial review under section 6330, then only the taxpayer's section 6015 claims may

(continued...)

II.  Motion for Partial Summary Judgment

Respondent moved for partial summary judgment on the issue of whether petitioner is eligible for relief under section 6015. Respondent argues that petitioner is not entitled to relief under section 6015 because she did not file a joint tax return.

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and a decision may be entered as a matter of law.  See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

A.  Relief Under Section 6015(b) and (c)

Relief is not available to petitioner under section 6015(b) and (c) because petitioner did not file a joint return.  Both

---

[5](...continued)
be reviewable by the Tax Court.

sections explicitly require that a joint return be filed for relief to be granted.[6]  Sec. 6015(b) and (c).

_____

[6]  Sec. 6015(b) provides:

    SEC. 6015(b).  Procedures for Relief from Liability Applicable to All Joint Filers.--

        (1) In General.--Under procedures prescribed by the Secretary, if--

            (A) <u>a joint return has been made for a taxable year</u>;

            (B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;

            (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such an understatement;

            (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

            (E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election,

    then the other person shall be relieved of

(continued...)

B.  Relief Under Section 6015(f)

On its face, section 6015(f) does not require that a joint

return be filed in order for equitable relief to be granted under

that section.[7]  As directed by section 6015(f), the Commissioner

_____

[6](...continued)
        the liability for tax * * * for such taxable
        year to the extent such liability is
        attributable to such understatement.
        [Emphasis added.]

Sec. 6015(c) provides:

        SEC. 6015(c).  Procedures to Limit Liability for
    Taxpayers No Longer Married or Taxpayers Legally
    Separated or Not Living Together.--

        (1) In General.--Except as provided in
        this subsection, if an individual who has
        made a joint return for any taxable year
        elects the application of this subsection,
        the individual's liability for any deficiency
        which is assessed with respect to the return
        shall not exceed the portion of such
        deficiency properly allocable to the
        individual under subsection (d).  [Emphasis
        added.]

[7]  Sec. 6015(f) provides:

        SEC. 6015(f).  Equitable Relief.--Under procedures
    prescribed by the Secretary, if--

        (1) taking into account all the facts
        and circumstances, it is inequitable to hold
        the individual liable for any unpaid tax or
        any deficiency (or any portion of either);
        and

        (2) relief is not available to such
        individual under subsection (b) or (c),

                                        (continued...)

uses procedures under Rev. Proc. 2000-15, 2000-1 C.B. 447 (the revenue procedure), to determine whether an individual qualifies for relief under that section. Section 4.01 of the revenue procedure lists seven threshold conditions, including the filing of a joint return, that must be satisfied before the Commissioner will consider a request for relief under section 6015(f).[8]

The legislative history of section 6015 further demonstrates that Congress intended a joint return requirement to apply to section 6015(f). The conference agreement accompanying the enactment of section 6015(f) contemplates that a joint return be filed as a prerequisite for the grant of equitable relief. H. Conf. Rept. 105-599, at 254 (1998), 1998-3 C.B. 747, 1008. The agreement stated:

> The conference agreement does not include the portion of the Senate amendment that could provide relief in situations where tax was shown on a joint return, but not paid with the return. The conferees intend that the Secretary will consider using the grant of authority to provide equitable relief in appropriate situations to avoid the inequitable treatment of spouses in such situations. * * *

---

[7](...continued)
the Secretary may relieve such individual of such liability.

[8] The revenue procedure provides, in pertinent part:

4.01 Eligibility to be considered for equitable relief. All of the following threshold conditions must be satisfied before the Service will consider a request for equitable relief under sec. 6015(f). * * *

(1) The requesting spouse filed a joint return for the taxable year for which relief is sought; * * *.

The conferees do not intend to limit the use of the Secretary's authority to provide equitable relief to situations where tax is shown on a return but not paid. The conferees intend that such authority be used where, taking into account all the facts and circumstances, it is inequitable to hold an individual liable for all or part of any unpaid tax or deficiency arising <u>from a joint return</u>. * * * [Emphasis added.]

<u>Id.</u> The agreement clarifies that the conferees intended that relief may be granted if it is inequitable to hold the taxpayer liable for the unpaid tax or deficiency shown on a joint return.

This requirement of a joint return is also consistent with the caption to section 6015, Relief From Joint and Several Liability on Joint Return.

We, therefore, conclude that a joint return must be filed in order for a taxpayer to be granted equitable relief under section 6015(f).

As a result, we shall grant respondent's motion for partial summary judgment because no genuine issue exists as to whether petitioner is entitled to relief under section 6015. Petitioner is not entitled to relief under section 6015 because she did not file a joint return. Because respondent's motion for partial summary judgment covers the remaining issues in the instant case, we treat it as a motion for full summary judgment, which we shall grant.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.