119 T.C. No. 22


UNITED STATES TAX COURT


JOSEPH W. DORN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6240-00L.                    Filed December 30, 2002.


    To collect petitioner's (P) unpaid income tax
liabilities for 1987-89, respondent (R) issued a notice
of levy to a fund in which petitioner maintained
accounts and issued to P a notice of jeopardy levy and
right to appeal.  See sec. 6330(f), I.R.C.  P requested
and R held a hearing under sec. 6330(b), I.R.C.  After
the hearing, R determined that imposition of a jeopardy
levy was appropriate.  P filed a petition under sec.
6330(d), I.R.C., seeking judicial review of that
determination.

    <u>Held</u>:  The Tax Court has jurisdiction under sec.
6330(d), I.R.C., to review R's determination that R's
use of a jeopardy levy was appropriate.

David M. Berman and Paul F. Berman, for petitioner.

Timothy R. Maher, for respondent.


COLVIN, Judge:  Petitioner filed the petition in this case under section 6330(d) seeking our review of respondent's determination that use of a jeopardy levy was appropriate.  The sole issue for decision in this Opinion is whether the Tax Court has jurisdiction to review respondent's determination that a jeopardy levy was appropriate.  We hold that we do.

Section references are to the Internal Revenue Code as amended.

                         FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Naples, Florida, when he filed his petition.

Petitioner maintained various accounts in a fund known as Evergreen Funds (not otherwise identified in the record).  On November 29, 1999, respondent issued a notice of levy to Evergreen Funds in an effort to collect petitioner's unpaid income tax liabilities for 1987-89.  Also on that day, respondent issued a notice of jeopardy levy and right of appeal to petitioner relating to those tax liabilities.

Petitioner filed a timely Form 12153, Request for a Collection Due Process Hearing.  On May 1, 2000, respondent's

Appeals officer conducted a hearing in petitioner's case for tax years 1987-89. On May 22, 2000, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, in which respondent determined that the jeopardy levy with respect to petitioner's tax years 1987-89 was appropriate.

OPINION

A.   Background

Petitioner filed a petition seeking our review of respondent's determination that use of a jeopardy levy was appropriate. The issue presented is whether our jurisdiction under section 6330(d) to review section 6330 determinations includes jurisdiction to review jeopardy levy determinations under section 6330(f). We hold that it does.

The parties agreed that the Court had jurisdiction to review respondent's determination that the jeopardy levy was appropriate. However, jurisdiction cannot be conferred upon the Court by agreement, Neely v. Commissioner, 115 T.C. 287, 291 (2000); Naftel v. Commissioner, 85 T.C. 527, 530 (1985), and the Court, sua sponte, can question jurisdiction at any time, Raymond v. Commissioner, 119 T.C. 191, 193 (2002); Neely v. Commissioner, supra at 290; Romann v. Commissioner, 111 T.C. 273, 280 (1998).

Section 6330 was enacted in 1998 to permit taxpayers to obtain administrative and judicial review of collection actions by the Commissioner. Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746; H. Conf. Rept. 105-599, at 265-266 (1998), 1998-3 C.B. 755, 1019-1020. Section 6330(a)(1) requires the Secretary to notify the taxpayer of the right to a hearing before the Secretary levies on any property. Section 6330(a)(2) provides specific rules for the required notice. Section 6330(b) contains rules relating to the hearing, and section 6330(c) lists issues which taxpayers may raise at a section 6330(b) hearing.

B.    Judicial Review of Section 6330 Determinations

Section 6330(d) provides for judicial review of determinations under section 6330. Section 6330(d)(1) provides that a taxpayer "may, within 30 days of a determination under this section, appeal such determination" to the Tax Court. Subsection (f) is contained in section 6330; thus, the phrase "this section" in section 6330(d)(1) applies to subsection (f). See Butler v. Commissioner, 114 T.C. 276, 290 (2000) (the words "'the Tax Court shall have jurisdiction * * * to determine the appropriate relief * * * under this section'" in section 6015(e)(1)(A) include jurisdiction to review the Commissioner's decision to deny the taxpayer relief under section 6015(f)); Woodral v. Commissioner, 112 T.C. 19, 22-23 (1999) (the words in

section 6404(g) providing our jurisdiction to review determinations "'<u>under this section</u>'" apply to determinations under section 6404(a)).

C.    <u>Jeopardy Levies Under Section 6330(f)</u>

Section 6330(f) provides that "this section" shall not apply in the case of a jeopardy levy.  We next consider whether that language restricts the grant of jurisdiction under section 6330(d) to review determinations under section 6330.

Respondent made a jeopardy levy under section 6330(f) before providing a hearing to petitioner under section 6330(b).

Section 6330(f) provides:

> SEC. 6330(f).  Jeopardy and State Refund Collection.  If--
>
> > (1) the Secretary has made a finding under the last sentence of section 6331(a) that the collection of tax is in jeopardy; or
> >
> > (2) the Secretary has served a levy on a State to collect a Federal tax liability from a State tax refund,
>
> this section shall not apply, except that the taxpayer shall be given the opportunity for the hearing described in this section within a reasonable period of time after the levy.

Under the flush language in section 6330(f), the levy may precede the hearing provided by section 6330(b).  The legislative history shows that the flush language was not intended to restrict the grant of jurisdiction provided by section 6330(d) to review the Commissioner's determination under section 6330(f).

The conference report accompanying enactment of the RRA 1998, which created section 6330, stated in pertinent part as follows:

Judicial review

The conferees expect the appeals officer will prepare a written determination addressing the issues presented by the taxpayer and considered at the hearing. The determination of the appeals officer may be appealed to the Tax Court * * *

\* \* \* \* \* \* \*

An exception to the general rule prohibiting levies during the 30-day period would apply in the case of state tax offset procedures, and in the case of jeopardy or termination assessments.

H. Conf. Rept. 105-599, at 266 (1998), 1998-3 C.B. 747, 1020. Thus, Congress intended to permit taxpayers to appeal determinations made under section 6330 to this Court. Id. Congress also intended the section 6330(a) requirement that a taxpayer be given prelevy notice not to apply to a jeopardy levy or levy of a State tax refund. Id. There is no suggestion in the conference report that a taxpayer's right to judicial review under section 6330(d) is not recognized in the case of a jeopardy levy. Id. at 265-266, 1998-3 C.B. at 1019-1020.

D. Conclusion

Courts must interpret a statute to "'fit, if possible, all parts into an harmonious whole'". FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 133 (2000) (quoting FTC v. Mandel Bros., Inc., 359 U.S. 385, 389 (1959)). We do not believe the flush language of section 6330(f) conflicts with section 6330(d)

or bars judicial review of a jeopardy levy determination; that interpretation of the flush language would be at odds with the overall purpose of section 6330 of providing procedural protections in collection disputes.  Thus, we conclude that we have jurisdiction under section 6330(d) to review respondent's determination under section 6330(f) that use of a jeopardy levy was appropriate.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.