T.C. Memo. 2003-76

UNITED STATES TAX COURT

PAUL L. HICKEY AND NELLIDA F. HICKEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8662-02L.                    Filed March 14, 2003.

<u>Karen Lynne Baker</u> and <u>Rollin G. Thorley</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion to Dismiss for Lack of Jurisdiction, as
supplemented.  As explained in detail below, we shall grant
respondent's motion in part and deny it in part.

Background

On July 13, 2001, respondent issued to petitioners separate Notices of Determination Concerning Collections Action(s) Under Section 6320 and/or 6330 with regard to their unpaid taxes for 1996 and 1997.[1]  On August 8, 2001, respondent issued to petitioner Paul L. Hickey a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to his unpaid tax for 1998.

On August 9, 2001, petitioners filed a Complaint with the U.S. District Court for the District of Nevada (District Court) challenging the notices of determination dated July 13, 2001.  On September 10, 2001, petitioners filed an Amendment To Original Complaint with the District Court seeking to amend their complaint to challenge the notice of determination dated August 8, 2001.

On September 12, 2001, the Government filed a motion to dismiss the District Court action.  On February 15, 2002, the District Court entered a Judgment on its Order dismissing petitioners' Complaint for lack of subject matter jurisdiction. The District Court observed in its Order that petitioners would have "thirty days in which to bring their claim in the Tax Court."

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On March 1, 2002, petitioners filed with the District Court a motion for reconsideration.  On April 11, 2002, the District Court entered an Order denying petitioners' motion for reconsideration.

On May 15, 2002, petitioners filed with this Court a Petition for Lien or Levy Action challenging the notices of determination dated July 13, 2001, and August 8, 2001.[2]  The petition arrived at the Court in an envelope bearing a private postage meter postmark dated May 7, 2002.

In response to the petition, respondent filed a Motion To Dismiss For Lack Of Jurisdiction.  Respondent asserted that the Court was without jurisdiction to review the notices of determination dated July 13, 2001, because petitioners failed to file their petition with the Court within 30 days of the District Court's Judgment and Order, entered February 15, 2002, dismissing petitioners' Complaint.  Respondent also argued that the Court lacked jurisdiction to review the notice of determination dated August 8, 2001.  Relying on McCune v. Commissioner, 115 T.C. 114 (2000), respondent asserted that petitioners' Amendment to Original Complaint, filed with the District Court on September 10, 2001, was not filed within 30 days of the notice of determination dated August 8, 2001.  See sec. 6330(d)(1).

_____

[2]  At the time that their petition was filed, petitioners resided in Las Vegas, NV.

Petitioners filed an Objection to respondent's motion to dismiss.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and was heard. In contrast, there was no appearance by or on behalf of petitioners at the hearing, nor did petitioners file with the Court a written statement under Rule 50(c), the provisions of which were noted by the Court in its Order setting respondent's motion for hearing.

During the hearing, counsel for respondent informed the Court that respondent had reconsidered his position and concluded that the petition was timely filed with regard to the notices of determination dated July 13, 2001. In particular, respondent asserted that because the petition was mailed to the Court on May 7, 2002, a date within 30 days of the District Court's April 11, 2002, Order denying petitioners' motion for reconsideration, the petition was timely filed with regard to the notices of determination dated July 13, 2001.

Following the hearing, respondent filed a Supplement to his motion to dismiss. In the Supplement, respondent elaborated on his position with regard to the notices of determination dated July 13, 2001. However, respondent maintained his original position that the petition was untimely with regard to the notice of determination dated August 8, 2001.

By Order dated January 8, 2003, the Court directed petitioners, on or before January 29, 2003, to file a Response, if any, to respondent's Supplement. Petitioners did not respond to the Court's Order.

Discussion

Sections 6320 and 6330 generally provide that the Commissioner cannot proceed with collection by lien or levy until the taxpayer has been given notice of and the opportunity for an administrative review of the proposed collection action (in the form of an Appeals Office hearing) and, if dissatisfied, the taxpayer may seek judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

The Court's jurisdiction under sections 6320 and 6330 depends on the issuance of a valid notice of determination and the filing of a timely petition for review. See Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b). When the Commissioner issues a determination letter to a taxpayer following an administrative hearing, section 6330(d)(1) provides that the taxpayer will have 30 days to file a petition for review with the Tax Court or a Federal District Court, as appropriate. Offiler v. Commissioner, supra at 498.

The flush language of section 6330(d)(1) provides:  "If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court."  In McCune v. Commissioner, supra, we held that we lacked jurisdiction under section 6330 inasmuch as the taxpayer failed to file his initial petition with the District Court within 30 days of the notice of determination.

A.   Jurisdiction With Respect to the Notices of Determination Dated July 13, 2001

Although respondent now asserts that the Court has jurisdiction to review the notices of determination dated July 13, 2001, jurisdiction cannot be conferred on the Court by agreement of the parties.  Dorn v. Commissioner, 119 T.C. 356 (2002).  A jurisdictional issue can be raised by either party or the Court sua sponte at any stage of the proceedings.  Id. at 357; Smith v. Commissioner, 96 T.C. 10, 13-14 (1991).

The record shows that petitioners timely filed their Complaint with the District Court on August 9, 2001; i.e., within 30 days of the notices of determination dated July 13, 2001. However, the question remains whether petitioners filed their petition with this Court within 30 days of the District Court's "determination" that petitioners filed their appeal with the wrong court as required under the flush language of section 6330(d)(1), quoted above.

Although the District Court first entered a Judgment on its Order dismissing petitioner's complaint on February 15, 2002, petitioners filed, on March 1, 2002, a "Motion for Reconsideration" or, more appropriately, a motion to alter or amend the judgment, under Fed. R. Civ. P. 59(e).[3] The District Court considered petitioners' motion in due course and denied the same by Order entered April 11, 2002. Petitioners then mailed their petition to the Court on May 7, 2002, and the petition was received and filed on May 15, 2002. Applying the timely mailing/timely filing rule set forth in section 7502(a), it follows that the petition was filed with the Court within 30 days of the District Court's April 11, 2002 Order.

Under the particular circumstances of this case, we agree with respondent that the petition was timely filed under section 6330(d)(1) with regard to the notices of determination dated July 13, 2001. We conclude that the District Court's Order entered April 11, 2002, as opposed to the District Court's Order entered February 15, 2002, served as the determination that started the 30-day time period running within which petitioners were required

_____

[3] Fed. R. Civ. P. 59(e) provides that a motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment. Fed. R. Civ. P. 6(a) provides: "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Excluding Saturdays (2), Sundays (2), and the Federal holiday for Presidents' Day, petitioners' motion was filed with the District Court within 10 days of the District Court's Judgment and Order entered Feb. 15, 2002.

to file their petition with this Court.

Our holding on this issue is informed in large part by Fed. R. App. P. 4(a)(4)(A)(iv), which provides that the time for filing an appeal from a District Court judgment runs for all parties from the entry of an Order disposing of a timely filed motion under Fed. R. Civ. P. 59. In the absence of a specific statutory provision defining the "determination" referred to in section 6330(d)(1), it is appropriate in this case to treat the District Court's Order denying petitioners' timely motion under Fed. R. Civ. P. 59(e) as the operative determination.

B. Jurisdiction With Respect to the Notice of Determination Dated August 8, 2001

Respondent argues that the Court lacks jurisdiction to review the notice of determination issued to petitioner Paul L. Hickey on August 8, 2001, on the ground that petitioners' Amendment To Original Complaint, filed with the District Court on September 10, 2001, was not filed within 30 days of the notice of determination. We agree.

By virtue of section 7503, the 30-day filing period within which petitioner Paul L. Hickey had to challenge the notice of determination dated August 8, 2001, expired on Friday, September 7, 2001, a date that was not a legal holiday in the District of Columbia. Thus, petitioners' Amendment To Original Complaint, which was filed with the District Court on Monday, September 10,

2001, was not timely filed.[4]  Nor does petitioners' Amendment To Original Complaint relate back to their original Complaint, filed August 9, 2001.  Fed. R. Civ. P. 15(c)(2) provides that an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading".  It is well settled that each taxable year "is the origin of a new liability and of a separate cause of action."  Commissioner v. Sunnen, 333 U.S. 591, 598 (1948); see O'Neil v. Commissioner, 66 T.C. 105, 107-108 (1976).  Accordingly, petitioners' Amendment To Original Complaint, which challenged respondent's determination to proceed with collection of petitioner Paul L. Hickey's taxes for 1998, does not relate back to the original Complaint, which challenged respondent's determination to proceed with collection of petitioners' taxes for 1996 and 1997.

Consistent with the preceding discussion, and this Court's holding in McCune v. Commissioner, 115 T.C. 114 (2000), it follows that we must dismiss this case for lack of jurisdiction with regard to the notice of determination dated August 8, 2001.

---

4  The record in this case provides no basis to conclude that petitioner Paul L. Hickey, a resident of Las Vegas, NV, delivered his Amendment To Original Petition to the District Court other than by hand.

To reflect the foregoing,

An Order will be issued granting respondent's Motion to Dismiss for Lack of Jurisdiction, as supplemented, in part and denying such motion in part.