T.C. Memo. 2003-192


UNITED STATES TAX COURT


JOSEPH W. DORN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent*


Docket No. 6240-00L.                    Filed July 1, 2003.


Joseph W. Dorn, pro se.[1]

Timothy R. Maher, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

COLVIN, Judge:  Petitioner filed the petition in this case

under section 6330(d) seeking our review of respondent's

---

* In Dorn v. Commissioner, 119 T.C. 356 (2002), we held that
we have jurisdiction under sec. 6330(d) to review respondent's
determination to collect amounts by jeopardy levy relating to
petitioner's 1987-89 tax years.

[1] On April 7, 2003, David M. Berman and Paul F. Berman filed
a motion to withdraw as counsel for petitioner.  That motion was
granted on April 9, 2003.

determination to collect amounts by jeopardy levy relating to petitioner's 1987-89 tax years. The sole issue remaining for decision is whether respondent's determination was an abuse of discretion. We hold that it was not.

Section references are to the Internal Revenue Code as amended.

## Background

### A. Petitioner

Petitioner resided in Naples, Florida, when he filed his petition. He was retired at the time of trial. Before he retired, petitioner and his brothers operated Dorn Paint & Hardware Co, Inc., in Madison, Wisconsin.

Petitioner's former wife filed for divorce in the Circuit Court of Dane County, Wisconsin, in 1984. As a result of his divorce in 1987, petitioner was ordered to transfer amounts from his IRA, pension plan, and profit sharing accounts to his former wife.

### B. Petitioner's Nonfiling of Income Tax Returns and Notice of Deficiency

Petitioner did not file income tax returns for tax years 1987-89. Respondent issued a notice of deficiency to petitioner[2] for those years, in which respondent determined, inter alia, that

---

[2] The parties dispute whether petitioner received the notice of deficiency for 1987-89. For reasons discussed in the opinion below, we need not decide that issue.

petitioner had unreported income of $194,354 from pension distributions in 1987.

C.  The Prior Proceedings Relating to Petitioner's 1990-91 Tax Years

Petitioner filed a timely Request for a Collection Due Process Hearing, Form 12153. Respondent held a hearing in this case on May 1, 2000, and February 13, 2003. Petitioner contended at those hearings that he is not liable for tax on any of the funds distributed from his pension plan because, he contended, his former wife had received those funds under a qualified domestic relations order (QDRO). He also contended that taxes had already been withheld from the pension distribution. Petitioner had the opportunity at the hearing on February 13, 2003, to present evidence supporting his QDRO claim. However, he offered no evidence showing the amount of funds distributed by the pension plan to his former spouse, and he did not explain why the amount she was to receive under the court order ($135,881) differed from the amount the Form 1099 shows the pension plan distributed to petitioner ($194,354).

Respondent prepared an initial report on May 22, 2000, and a supplemental report on April 4, 2003, in which respondent rejected petitioner's QDRO claim. Trial was held after issuance of respondent's first report and before issuance of respondent's second report. At trial, petitioner did not offer any evidence showing the amount of funds distributed by the pension plan to

his former spouse and did not explain why the amount she was to receive under the court order differed from the amount the Form 1099 shows the pension plan distributed to petitioner.

OPINION

Petitioner contends that (1) he did not receive the notice of deficiency for 1987-89, (2) that his QRDO claim is an appropriate spousal defense, and (3) that he is not taxable on funds paid to his former wife from his pension plan because she received those funds under a QDRO.

To establish that petitioner is not taxable on the funds distributed by his pension plan, petitioner must show, inter alia, the amount of funds distributed by the plan to his former spouse under the divorce decree, and that the divorce decree is a qualified domestic relations order that gave his former spouse the right to receive all or part of petitioner's benefits under the plan. Sec. 414(p).

Petitioner did not offer sufficient evidence at his section 6330(b) hearing or before this Court to show that he is entitled to prevail here under issue (3), his QDRO claim. Thus, regardless of the outcome of issues (1) and (2), petitioner cannot prevail. Therefore, we need not consider issues (1) and (2).

We conclude that respondent's determination to proceed with collection as to petitioner's 1987-89 tax liabilities was not an abuse of discretion.

<u>Decision will be</u>

<u>entered for respondent</u>.