125 T.C. No. 7

UNITED STATES TAX COURT

HERBERT AND ROSALIE CLARK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3082-05L.                  Filed September 26, 2005.

        R issued a notice of levy on Ps' State tax refund
to collect unpaid assessed additions to tax.  After Ps
requested a hearing under sec. 6330, I.R.C., on the
appropriateness of the levy, R determined that the levy
was appropriate.
        <u>Held</u>:  The Court has jurisdiction under sec.
6330(d), I.R.C., to review R's determination regarding
the levy upon Ps' State tax refund.

<u>Jeffrey E. Rattner</u> and <u>Steve Mather</u>, for petitioners.

<u>Elaine T. Fuller</u>, for respondent.

OPINION

LARO, Judge: Petitioners petitioned the Court under section 6330(d) to review a determination of the Commissioner's Office of Appeals (Appeals) sustaining respondent's levy upon their State tax refund.[1] Respondent made the levy to collect additions to tax assessed as to petitioners' 1997 Federal income tax. The sole issue in this Opinion is whether the Court has jurisdiction to review respondent's determination as to the levy upon petitioners' State tax refund. We hold that the Court has the requisite jurisdiction.

Background

Petitioners filed their 1997 Federal income tax return untimely. Upon receipt of the return, respondent assessed the tax shown on the return and related additions to tax for failure to file timely, failure to pay timely, and failure to make estimated tax payments under sections 6651(a)(1) and (2) and 6654, respectively. On November 17, 2003, respondent issued to petitioners a notice of levy on their State tax refund to collect their unpaid assessed additions to tax for 1997. Following petitioners' timely request for a hearing under section 6330 as

---

[1] Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code. Petitioners resided in Beverly Hills, California, when their petition was filed.

to the levy, Appeals sustained the levy through a notice of determination.

## Discussion

We decide whether the Court has jurisdiction under section 6330(d) to review the determination of Appeals sustaining the levy upon petitioners' State tax refund. Although neither party has contested our jurisdiction, jurisdiction may not be conferred upon the Court by agreement, see Neely v. Commissioner, 115 T.C. 287, 291 (2000); Naftel v. Commissioner, 85 T.C. 527 (1985), or through an equitable principle such as estoppel, Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18 (1951). Whether the Court has jurisdiction to decide an issue is a matter that this or an appellate court may decide at any time. See Raymond v. Commissioner, 119 T.C. 191, 193 (2002).

Section 6330 was enacted in 1998 to provide taxpayers with administrative and judicial review of the Commissioner's collection actions. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746; H. Conf. Rept. 105-599, at 265-266 (1998), 1998-3 C.B. 755, 1019, 1020. Section 6330(a) provides that the Commissioner must notify taxpayers of their right to a hearing as to a levy and sets forth specific rules for the required notice. Section 6330(b) contains rules relating to the hearing. Section 6330(c) lists the issues that taxpayers may raise at a section 6330(b) hearing. Section

6330(d) provides for judicial review of determinations under section 6330, stating that a taxpayer "may, within 30 days of a determination under this section, appeal such determination" to this Court.  Section 6330(f) provides that "this section" shall not apply in the case of a jeopardy levy or a levy on a State tax refund.

In Dorn v. Commissioner, 119 T.C. 356 (2002), we decided whether section 6330(f) restricts our jurisdiction under section 6330(d) to review jeopardy levy determinations.  We held that it did not.  We concluded that section 6330(f) made the section 6330(a) requirement that a taxpayer be given prelevy notice inapplicable to jeopardy levies rather than divesting this Court of judicial review in such cases.  Id. at 359.  We believe that similar reasoning applies here with regard to a levy on a State tax refund.  We now hold that the Court has jurisdiction under section 6330(d) to review respondent's determination regarding that levy.

To reflect the foregoing,

An appropriate order will

be issued.