T.C. Summary Opinion 2009-96


UNITED STATES TAX COURT


MAGDALENA STEGAWSKI, Petitioner,
AND CHRISTOPHER STEGAWSKI, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2126-06S.                    Filed June 16, 2009.


Magdalena Stegawski, pro se.

Christopher Stegawski, pro se.

<u>Anita A. Gill</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

After this case was set for trial, respondent filed a motion for summary judgment (motion), which the Court set for hearing on the date set for trial. Arguments on the motion were heard, but the Court did not rule on the motion. Rather, the Court proceeded to try the case since the arguments and evidence relevant to the motion and the issues for trial as framed by the parties were essentially the same.

At the time the petition was filed petitioner and intervenor resided in Ohio. Petitioner challenges respondent's determination denying her relief under section 6015 from unpaid joint and several liabilities for the taxable years 1997 and 1999.

## Discussion

Petitioner submitted a Form 8857, Request for Innocent Spouse Relief, for taxable years 1997 and 1999, which was received by the Internal Revenue Service on October 18, 2005. On December 29, 2005, respondent sent to petitioner a Notice of Determination Concerning Your Request for Relief from Joint and Several Liability under Section 6015 (notice of determination) denying petitioner any relief under section 6015(b), (c) or (f). There is no question that relief is not available under section

6015(b) or (c) since the 1997 and 1999 unpaid tax liabilities were reported on the returns.

Section 6015(f) provides:

> SEC. 6015(f). Equitable Relief.--Under procedures prescribed by the Secretary, if--
>
> > (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and
> >
> > (2) relief is not available to such individual under subsection (b) or (c),
>
> the Secretary may relieve such individual of such liability.

Respondent's only reason for denying relief under section 6015(f), as stated in the notice of determination, was as follows:

> We denied your claim because it was not filed within two years of the first collection activity. The first collection activity was a Collection Due Process notice issued to you on July 21, 2003, which you signed for on July 25, 2003. In order to be considered timely, your claim needed to be filed by July 21, 2005. Since your claim was not filed until October 18, 2005, we cannot consider your request for relief.

The only argument respondent made in the motion for summary judgment, in the pretrial memorandum, and during the trial was that petitioner was not entitled to section 6015(f) relief because she did not file her claim for spousal relief within 2 years of the first collection activity. Unlike subsections (b) and (c) of section 6015, subsection (f) does not contain a

requirement that relief must be sought within 2 years of the first collection activity. However, respondent relies on section 1.6015-5(b)(1), Income Tax Regs., which provides that relief under section 6015(f) is not available for claims that are not filed within 2 years of the first collection activity.

It is clear that petitioner's claim was not filed within 2 years after the first collection activity. However, this Court has recently held that section 1.6015-5(b)(1), Income Tax Regs., is an invalid interpretation of section 6015. Lantz v. Commissioner, 132 T.C. ___, ___ (2009) (slip op. at 33). Accordingly, we refused to apply the 2-year limitations period to a taxpayer's request for relief under section 6015(f). Id. In accordance with this Court's Opinion in Lantz, we refuse to apply the 2-year limitations period.

At trial petitioner credibly testified and produced documents that establish that during the years in issue she was raising her young children; that she earned very little income (approximately $200 per year); that almost all of the income reported on the returns was attributable to her husband, who was a doctor; that she had refused to sign the returns that were filed for 1997 and 1999; and that she delayed in requesting spousal relief because she did not think the returns for 1997 and 1999 were hers.

The returns for 1997 and 1999 were filled out as joint returns. However, on the copy of the return for 1999 that was in respondent's records, the space for petitioner's signature (spouse's signature) contains no signature. Instead, the following words were handwritten: "Spouse delays signature she has paid her share of tax due". Respondent had not retained a copy of the 1997 return, but petitioner produced a copy of the 1997 return and credibly testified that she had not signed that return.

After the trial the Court suggested that respondent consider whether the returns were actually joint returns and gave the parties time to possibly resolve the question of petitioner's purported joint liability on that ground.[2] The parties were unable to do so. In a posttrial report respondent requested that the Court decide the case on the ground that petitioner's request for relief was not filed timely.

Respondent's only argument for denying petitioner relief from joint liability pursuant to section 6015(f) is that she did not file her claim within 2 years of the first collection action as required by section 1.6015-5(b)(1), Income Tax Regs. As

_____

[2] If the 1997 and 1999 returns did not give rise to joint liabilities for petitioner, then it appears likely that she had no tax liability. On the other hand, if petitioner had not filed joint returns for 1997 and 1999, she would not be entitled to relief in this proceeding under sec. 6015. See Raymond v. Commissioner, 119 T.C. 191 (2002).

previously mentioned, this Court rejected that argument in <u>Lantz</u> <u>v. Commissioner</u>, <u>supra</u>.  Accordingly, we hold that petitioner is entitled to relief from joint liability for 1997 and 1999 pursuant to section 6015(f).

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.