T.C. Memo. 2013-281

UNITED STATES TAX COURT

CHRISTOPHER A. BIBBY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14687-12L.                    Filed December 12, 2013.

Danny M. Carr, for petitioner.

Timothy S. Murphy, Robert D. Heitmeyer, and John D. Davis, for

respondent.

MEMORANDUM OPINION

NEGA, Judge:  This action was commenced in response to a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330

(notice of determination) with respect to petitioner's 2007 and 2008 Federal

income tax liabilities.  The remaining issue for decision is whether the settlement

[*2] officer abused her discretion in denying petitioner relief from a jeopardy levy. All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The stipulated facts are incorporated herein by reference. Petitioner resided in Michigan at the time the petition was filed.

Petitioner filed tax returns for tax years 2007 and 2008. Respondent determined that, largely as a result of $203,000 of overstated withholding credits, petitioner received over $213,000 of refunds to which he was not entitled. Petitioner admits spending the refunds for the following items: (1) $32,133.88 for a used car; (2) $25,270 for offerings and tithes to his church; (3) $21,077 for wedding and honeymoon expenses; (4) $61,815 on home repairs; (5) $9,482.50 for tax return preparation and filing; (6) $1,955.66 on furniture purchases; and (7) $36,365 for various items such as food, clothing, and bill payment. Petitioner admits transferring his interest in his personal residence to a property holding company wholly owned by petitioner and his wife. Petitioner also made a $25,000 loan to Diamond & Associates, in repayment of which Diamond & Associates quitclaimed three properties to petitioner, which petitioner subsequently

[*3] transferred to EMG, LLC, a separate business entity wholly owned by petitioner and his wife. On April 14, 2011, respondent's Frivolous Filers Unit made math error assessments for petitioner's claimed overwithholding credits and issued Forms 3552, Notice of Tax Due on Federal Tax Return, for 2007 and 2008. On July 25, 2011, respondent issued to petitioner a Notice CP504, Notice of Intent to Levy, pertaining to petitioner's liability for tax year 2007.

The case was then assigned to an Internal Revenue Service (IRS) revenue officer who sought approval from IRS Counsel's Office to issue a jeopardy levy. Having received approval from IRS Counsel's Office, the IRS revenue officer issued a jeopardy levy against petitioner's bank accounts and wages on December 2, 2011, in reference to petitioner's 2007 and 2008 liabilities. On December 6, 2011, respondent issued a Letter 2439 (CG), Notice of Jeopardy Levy and Right to Appeal, to petitioner. On December 15, 2011, respondent issued a Notice of Federal Tax Levy and Your Right to Appeal Hearing to petitioner. On January 4, 2012, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing (section 6330).

An IRS settlement officer was assigned to the case. The IRS settlement officer and petitioner's counsel conducted a collection due process hearing on February 23, 2012. The settlement officer relied on the revenue officer's notes

[*4] and the Integrated Data Retrieval System (IDRS) transcripts to verify that all the requirements of applicable law or administrative procedure were met. Petitioner submitted to the IRS settlement officer: Forms 433-A, Collection Information Statement for Wage-Earners and Self-Employed Individuals; two Forms 433-B, Collection Information Statement for Businesses, and documentation supporting petitioner's entries on all those forms. At the collection due process hearing, petitioner's counsel sought an installment agreement in exchange for release of the levy on petitioner's wages. The IRS settlement officer found that petitioner's Forms 433-A failed to disclose $24,265 of wage income and $35,761 of income from the Freudenberg-Nok Co., reported on forms 1099-R, Distributions from Pensions, Amenities, Retirements or Profit-Sharing Plans, IRA's, Insurance Contracts, etc. On March 22, 2012, the settlement officer requested from petitioner's representative clarification about the nature and duration of the Freudenberg-Nok payments. Petitioner's representative promised to contact petitioner and fax a written verification to IRS Appeals, but no response was forthcoming. During that same phone conversation petitioner's representative was informed that, among other issues, petitioner needed to address the equity interests in the three real properties transferred by Diamond & Associates in repayment of petitioner's $25,000 loan. On the basis of the sum of petitioner's

[*5] disclosed and undisclosed income as well as petitioner's disclosed monthly expenses, the IRS settlement officer contacted petitioner's counsel and conveyed her decision that the wage levy did not constitute a financial hardship on petitioner.

Still in pursuit of an installment agreement, petitioner's counsel provided, upon request of the IRS settlement officer, additional information listing the disposition of the proceeds of the 2007 and 2008 refunds. One such item was the equity interest in the three properties Diamond & Associates transferred to petitioner, which petitioner then transferred to EMG, LLC. The IRS settlement officer took the position that the three properties in question were petitioner's assets alone and suggested that they be transferred back to the direct and sole ownership of petitioner. EMG, LLC, transferred the three properties by quitclaim deed to petitioner and his spouse but not solely to petitioner. The IRS settlement officer made clear that an installment agreement (and lifting of the jeopardy levy) depended on: (1) the transfer of the three properties to petitioner's sole ownership and (2) the subsequent equity liquidation of the three properties. Petitioner could not or would not agree to these conditions precedent.

The negotiations having broken down, petitioner requested a determination letter. The IRS Appeals officer mailed the notice of determination to petitioner on

[*6] May 8, 2012. Citing, inter alia, petitioner's failure to provide certain requested information regarding his expenditures and his finances, and his transfer of title to the properties in a manner designed to shelter his equity, the notice of determination sustained the jeopardy levy.

Under the stipulation, there is no dispute between the parties as to the underlying tax liabilities. The parties have agreed to submit the case without trial pursuant to Rule 122.

## Discussion

Petitioner argues that the settlement officer failed to independently determine the appropriateness or the legality of the jeopardy levy.

Respondent argues that the settlement officer independently balanced the efficient collection of the tax with the legitimate concerns of petitioner and determined that the jeopardy levy was not overly intrusive and that no better method of collecting the tax was available.

If the Secretary believes that the assessment or collection of a tax deficiency will be jeopardized by delay, he shall immediately assess the deficiency and issue notice and demand for payment to the person liable for the payment of the tax.[1]

---

[1]Pursuant to sec. 1.6851-1, Income Tax Regs., and sec. 301.6861-1, Proced. & Admin. Regs., the Secretary authorizes certain IRS employees to determine

(continued...)

[*7] Sec. 6861. The existence of one or more of the following conditions supports a determination that collection of the tax is in jeopardy: (1) the taxpayer is or appears to be designing quickly to depart from the United States or to conceal himself or herself; (2) the taxpayer is or appears to be designing quickly to place his, her or its property beyond the reach of the Government by removing it from the United States, by concealing it, by dissipating it, or by transferring it to other persons; (3) the taxpayer's financial solvency is or appears to be imperiled. Sec. 1.6851-1(a), Income Tax Regs.; sec. 301.6861-1(a), Proced. &Admin. Regs.

Notice and demand may be issued for the immediate payment of a tax the collection of which is determined to be in jeopardy. Sec. 6331(a). Upon a failure or refusal to pay such tax, the Secretary may immediately levy upon the property or rights to property of the person subject to the tax liability without regard to the 10-day period otherwise required under section 6331(a). Pursuant to section 6330(d), this Court has jurisdiction to review the determination of the IRS Appeals Office with respect to a jeopardy levy. Dorn v. Commissioner, 119 T.C. 356, 359 (2002).

---

[1](...continued)
whether the collection of a tax is in jeopardy.

**[*8]** Section 6330 generally provides that the Commissioner cannot proceed with levy on a taxpayer's property until the taxpayer has been given notice and the opportunity for a section 6330 hearing and, if dissatisfied, judicial review of the administrative determination. In this case, the general requirement of section 6330 affording a prior opportunity for a hearing does not apply because respondent made a finding under section 6331(a) that a jeopardy levy was appropriate. Rather, pursuant to section 6330(f), petitioner is to be afforded an opportunity for a hearing within a "reasonable period of time after the levy." See Bussell v. Commissioner, 130 T.C. 222, 236-237 (2008). Because the underlying liabilities are not in issue here, we review the Appeals determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); see also Living Care Alternatives of Utica, Inc. v. United States, 411 F.3d 621, 631 (6th Cir. 2005) (defining abuse of discretion as "clear taxpayer abuse and unfairness by the IRS").

The administrative record indicates that, on March 22, 2012, the settlement officer requested from petitioner's representative clarification about the nature and duration of the Freudenberg-Nok payments. Petitioner's representative promised to contact petitioner and fax a written verification to IRS Appeals. During that same phone conversation petitioner's representative was informed that, among other issues, petitioner needed to address the equity interests in the three real

[*9] properties. Neither petitioner nor petitioner's representative ever conveyed any additional information about the Freudenberg-Nok amounts. Petitioner did not transfer the three properties to his sole ownership but instead requested a determination letter.

Petitioner incorrectly claimed and received large tax refunds and then proceeded to freely spend from those refunds. Petitioner also transferred certain real property received in satisfaction of a loan to Diamond & Associates to EMG, LLC, and then jointly to himself and his wife. We find that these facts justify the determination to sustain the jeopardy levy because petitioner was quickly dissipating the funds or otherwise attempting to put them beyond the reach of respondent by transferring funds to third parties. It should also be noted that petitioner has not disputed his tax liabilities. Petitioner did not fully cooperate with the settlement officer's reasonable information requests about sources of unreported income and the transfer of certain real property other than to petitioner's direct ownership. In the light of petitioner's failure to provide the requested financial information regarding the Freudenberg-Nok amounts, respondent's denial of an installment agreement was not an abuse of discretion. See McLaine v. Commissioner, 138 T.C. 228, 243 (2012) (finding that the Appeals officer's denial of an installment agreement was not an abuse of

[*10] discretion where the taxpayer failed to provide requested financial information); see also Orum v. Commissioner, 123 T.C. 1, 13 (2004) ("Installment agreements are based upon the taxpayer's current financial condition. * * * [T]he Appeals officer could have reasonably rejected an installment agreement proposal by petitioners on the basis of * * * petitioners' failure to timely provide the requested information." (internal citations omitted)), aff'd, 412 F.3d 819 (7th Cir. 2005). In contrast, this Court finds that respondent afforded petitioner all legal rights required under the Code and the regulations. The settlement officer independently reviewed the revenue officer's notes and the IDRS transcripts to verify that all the requirements of applicable law or administrative procedure were met. Her actions satisfied the verification requirements of section 6330(c)(1) and (3)(A). We also find the settlement officer to have complied with the requirements stated in section 6330(c)(3)(B) and (C). Upon review of the facts and the administrative record, the Court finds that petitioner has failed to satisfy his burden of proving that the IRS abused its discretion in this matter. Rather, the Court finds that the facts and circumstances of the case, including petitioner's failure to fully cooperate, justified the jeopardy levy.

**[*11]** To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.