T.C. Summary Opinion 2017-92

UNITED STATES TAX COURT

SCOTT C. FAULK AND LEIGH S. FAULK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23440-16S L.                    Filed December 18, 2017.

Scott C. Faulk and Leigh S. Faulk, pro sese.

<u>Nicholas R. Rosado</u>, <u>Phillip D. Hatfield</u>, and <u>Michael Skeen</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

This case is an appeal from a notice of determination issued by the Internal Revenue Service (IRS) Office of Appeals (Appeals Office) regarding an action to collect petitioners' unpaid Federal income tax liability for the taxable year 2006. The issue for decision is whether the Appeals Office abused its discretion in determining to proceed with the collection action.

Background[2]

On April 29, 2011, petitioners (husband and wife) filed a bankruptcy petition with the U.S. Bankruptcy Court for the Northern District of California under chapter 13 of title 11 of the United States Code (Bankruptcy Code).[3] Petitioners were represented by counsel during their bankruptcy proceeding.

On June 2, 2011, after discovering that they had not filed a Federal income tax return for the taxable year 2006, petitioners filed a joint tax return for that year

_____

[1](...continued)
Revenue Code in effect at all relevant times. All monetary amounts are rounded to the nearest dollar.

[2]Some of the facts have been stipulated and are so found.

[3]References to the Bankruptcy Code refer to the provisions in effect during the pendency of petitioners' bankruptcy proceeding.

reporting total tax of $10,232 and tax due of $9,965. Petitioners failed to remit payment with the tax return.

The IRS subsequently assessed tax of $11,423, interest of $3,329, an addition to tax of $470 for failure to pay estimated tax, an addition to tax of $2,510 for failure to file a timely tax return, and an addition to tax of $2,441 for failure to timely pay the tax due for the taxable year 2006.[4] At the same time, the IRS issued a notice of balance due to petitioners and filed a proof of claim and an amendment to proof of claim in petitioners' bankruptcy case which included an unsecured general claim of $20,018 for 2006. Petitioners did not challenge the amount of their tax liability for 2006 in the course of the bankruptcy proceeding.

The bankruptcy court confirmed petitioners' chapter 13 plan to repay certain creditors. The record shows that petitioners did not make any payments to the IRS in respect of their tax liability for 2006 under the chapter 13 payment plan.[5] On

---

[4]The IRS was authorized to assess these items, despite petitioners' bankruptcy proceeding, pursuant to sec. 362(b)(9)(D) of the Bankruptcy Code. The difference between the income tax that petitioners reported on their tax return for 2006 and the amount of tax that the IRS assessed is attributable to mathematical errors on the return.

[5]Although the Court left the trial record open for a limited time to allow the parties to file a supplemental stipulation of facts clarifying matters related to petitioners' bankruptcy payment plan, the parties did not take advantage of that opportunity.

November 12, 2015, the bankruptcy court granted petitioners a discharge under section 1328(b) of the Bankruptcy Code. The discharge order was accompanied by a general explanation that debts which normally are not discharged in a chapter 13 bankruptcy case include "[d]ebts for most taxes to the extent not paid in full under the plan". The IRS concurrently abated all additions to tax that had previously been assessed against petitioners for the taxable year 2006.

In April 2016 the IRS applied petitioners' Federal income tax overpayment of $4,842 for the taxable year 2015 and their State income tax refund of $640 to offset their unpaid tax for 2006. On May 16, 2016, the IRS sent petitioners a notice of seizure of their State tax refund and notice of their right to an administrative hearing. Petitioners responded by submitting to the Appeals Office a Form 12153, Request for a Collection Due Process or Equivalent Hearing, asserting that their tax liability for 2006 had been discharged in bankruptcy.

The Appeals Office contacted petitioners, conducted an administrative hearing, and concluded that their tax liability for 2006 had not been discharged in the bankruptcy proceeding. Because petitioners otherwise declined to offer or agree to a collection alternative, the Appeals Office issued a notice of

determination sustaining the collection action. Petitioners invoked the Court's jurisdiction by filing a timely petition for review under section 6330(d).[6]

## Discussion

### I. Collection Review Proceedings

If any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Commissioner is authorized to collect such tax by levy upon the person's property. Sec. 6331(a). At least 30 days before enforcing collection by levy on the person's property, the Commissioner is obliged to provide a final notice of intent to levy, including notice of available administrative appeals. Sec. 6331(d). Generally speaking, the Commissioner cannot proceed with collection by levy until (1) the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if the person is dissatisfied, (2) judicial review of the administrative determination is final. Sec. 6330; see Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179-180 (2000).

Section 6330(f)(2) provides an exception to the normal procedures prescribed in that section in the event the Secretary has served a levy on a State to

---

[6]Petitioners resided in California at the time the petition was filed.

collect a Federal tax liability from a State tax refund. In sum, section 6330(f)(2) provides that the Secretary may proceed with such a levy but is obliged to provide the taxpayer with notice of the right to, and the opportunity for, an administrative hearing within a reasonable time after the levy. See sec. 301.6330-1(a)(2), Proced. & Admin. Regs.

The Appeals Office is responsible for conducting administrative hearings in collection matters. Sec. 6330(b)(1). In particular, the Appeals Office must verify that the requirements of any applicable law or administrative procedure have been met in processing the case. Sec. 6330(c)(1), (3)(A). The Appeals Office also must consider any issues raised by the person relating to the unpaid tax or proposed levy, including offers of collection alternatives, appropriate spousal defenses, and challenges to the appropriateness of the collection action. Sec. 6330(c)(2)(A), (3)(B). A person may challenge the existence or amount of his underlying tax liability if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the person's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).

The Tax Court has jurisdiction to review the administrative determination made by the Appeals Office. Sec. 6330(d)(1); see Clark v. Commissioner, 125 T.C. 108 (2005) (holding that the Court has jurisdiction to review levy on a State tax refund). In the context of this case, the Court has jurisdiction to determine whether petitioners' tax liability for 2006 was discharged in bankruptcy. See Washington v. Commissioner, 120 T.C. 114, 119-121 (2003).

II. Bankruptcy Discharge

On November 12, 2015, the bankruptcy court granted petitioners a discharge under section 1328(b) of the Bankruptcy Code, and they were relieved from all unsecured debts provided for by the plan or disallowed under section 502 of the Bankruptcy Code, except any debt of a kind specified in section 523(a) of the Bankruptcy Code. See Bankruptcy Code sec. 1328(c). Section 523(a)(1)(B) of the Bankruptcy Code provides in pertinent part that a discharge under section 1328(b) does not discharge an individual debtor from any debt for a tax with respect to which a return, if required, was filed after the date on which such return was last due (including under any extension), and after two years before the date of the filing of the bankruptcy petition.

Petitioners filed their tax return for 2006 on June 2, 2011, over four years after the tax return was due, see sec. 6072(a), and more than two months after

April 29, 2011--the date they filed their bankruptcy petition. Consistent with section 523(a)(1)(B) of the Bankruptcy Code, it follows that petitioners' tax liability for 2006 was not discharged in bankruptcy. See, e.g., Sapp v. Commissioner, T.C. Memo. 2006-104.

III. Appeals Office Determination

Petitioners have not raised any other challenge to the Appeals Office determination sustaining the collection action in this case. In any event, the record shows that the Appeals Office fulfilled its obligations as prescribed in section 6330. In the absence of a valid defense to the collection action or a viable collection alternative, the Appeals Office did not abuse its discretion in determining to proceed. See, e.g., Pough v. Commissioner, 135 T.C. 344, 351 (2010). Consequently, we will sustain the determination of the Appeals Office to proceed with the collection action.

To reflect the foregoing,

Decision will be entered

for respondent.