T.C. Memo. 2004-102

UNITED STATES TAX COURT

ANGELA BARRIGA, f.k.a. ANGELA ROBLEDO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8571-00.                    Filed April 15, 2004.

Angela Barriga, pro se.

<u>Monica J. Miller</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income tax and penalties for 1992, 1993, and 1994 as follows:

| Year | Deficiency | Addition to Tax/Penalty Sec. 6651(a) | Sec. 6662(a) |
|------|-----------|------------------|------------------|
| 1992 | $7,589 | -- | $1,096 |
| 1993 | 90,049 | $21,647 | 17,554 |
| 1994 | 202,878 | -- | 40,507 |

Respondent also determined that petitioner is not entitled to relief from joint and several liability for 1989, 1990, and 1991. The petition seeks relief from both determinations. The issue for decision is whether petitioner is eligible for relief under section 6015 for any of the years 1989 through 1994.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas at the time she filed the petition in this case.

Petitioner was born and raised in Medellin, Colombia. In 1976, petitioner graduated from Asbury College in Wilmore, Kentucky, and, in 1981, she graduated with a degree of Master of Science in Education from Baylor University in Texas. Thereafter she was employed as an elementary school teacher, and she received wages as a teacher during each of the years in issue. In 1992, petitioner graduated from the Reynaldo G. Garza School

of Law in San Benito, Texas.  Petitioner did not pass the Texas State bar examination.

Petitioner married Amado Robledo (Robledo) in 1981.  She filed for divorce in 1994.  Robledo filed a bankruptcy petition in 1995.  The divorce was finalized in 1997.  Petitioner was awarded money and various items of property in the final divorce decree, including $150,000, three automobiles, and several parcels of real property.  The divorce decree provided in part as follows:

> AMADO ROBLEDO shall be solely responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 1996 and shall timely pay any deficiencies, assessments, penalties, or interest due thereon and shall hold Petitioner harmless therefrom.
>
> IT IS FURTHER ORDERED AND DECREED that the certificate of deposit in the amount of $200,000.00 plus interest currently held in trust with the Law Office of Paul L. Wiley * * * in the names of AMADO ROBLEDO and ANGELA B. ROBLEDO will be used to offset any tax liabilities, including interest, penalties and other assessments by the Internal Revenue Service from the date of marriage through December 31, 1996.

Petitioner and Robledo filed joint Federal income tax returns for 1989 and 1990.  The joint returns reported underpayments of $6,347 and $271,766 for 1989 and 1990, respectively.  As of the time of trial on September 22, 2003, the tax, penalty, and interest for 1989 and the tax and interest for 1990 were fully paid after application of payments by Robledo.

In 1995, petitioner and Robledo each filed returns for 1991 using the filing status of "married filing separate return". Petitioner's return for 1991 was filed in March 1995 and reported tax due of $38,406 and an underpayment of $32,625. On November 9, 1995, respondent sent a notice of deficiency for 1991 to petitioner. In or after October 1995, petitioner and Robledo attempted to file an amended return for 1991 using the status of "married filing joint return".

In September 1995, Robledo filed separate returns for 1992 and 1993. On October 12, 1995, joint Forms 1040X, Amended U.S. Individual Income Tax Return, for 1992 and 1993 were filed. The amended returns claimed overpayments for 1992 and 1993 in the amounts of $17,106 and $20,386, respectively. Also on October 12, 1995, petitioner and Robledo filed a joint Form 1040 for 1994 claiming an overpayment of $4,675. Each of the joint returns reported wages paid to petitioner, Schedule C, Profit or Loss From Business, income of Robledo, and rental income from various properties owned by petitioner and Robledo.

In or about 1999, petitioner, represented by a certified public accountant, filed a request for section 6015 relief. During the Appeals process, petitioner was allowed partial relief from joint and several liability under section 6015(c) for 1992, 1993, and 1994. Respondent and petitioner's representative together determined the appropriate allocation of the deficiency

for each year.  By eliminating the portion of the deficiency attributable solely to Robledo, petitioner's liability for the deficiencies determined in the notice of deficiency after application of section 6015(c) was reduced to $1,404, $30,120, and $28,598 for 1992, 1993, and 1994, respectively.  The addition to tax under section 6651(a) for 1993 was reduced to $4,461, and the accuracy-related penalty under section 6662(a) was reduced to $281, $3,659, and $5,720 for 1992, 1993, and 1994, respectively.  For 1992, there are estimated tax and withholding credits available to petitioner of $15,000 and $2,100, respectively, that will fully pay the proposed tax and penalty assessments.  For 1993, there are estimated tax and withholding credits available of $10,000 and $2,277, respectively.

## OPINION

Generally, married taxpayers may elect to file a joint Federal income tax return.  Sec. 6013(a).  After making the election, each spouse is jointly and severally liable for the entire tax due for that taxable year.  Sec. 6013(d)(3).  Under section 6013(b)(2), where a separate return has been filed, an election to file jointly may not be made more than 3 years after the due date of the return or after a notice of deficiency has been sent for the year.

A spouse (requesting spouse) may seek relief from joint and several liability by following procedures established in section

6015. Sec. 6015(a). A requesting spouse may request relief from liability under section 6015(b) or, if eligible, may allocate liability according to provisions under section 6015(c). Sec. 6015(a). If relief is not available under section 6015(b) or (c), an individual may seek equitable relief from joint and several liability if "taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax". Sec. 6015(f).

Petitioner has failed to address the applicable statutory provisions, the adjustments involved in respondent's determination, or the relevant facts. Petitioner argues that she did "not know the facts as to amounts owed, when, or why, as petitioner never had anything to do with these matters". Petitioner generally claims that the division of property pursuant to the divorce decree was not equitable; she received properties that were foreclosed; the divorce decree was signed without notice to her; and "the system" failed to treat her fairly.

<u>1989 and 1990</u>

Under section 6015(b) and (c), relief from joint and several liability is available only from proposed or assessed deficiencies. Sec. 6015(b)(1)(D), (c)(1). Neither section 6015(b) nor section 6015(c) permits relief from liabilities that were reported on a return but remained unpaid. <u>Hopkins v.</u>

Commissioner, 121 T.C. 73, 88 (2003). Because the liabilities from 1989 and 1990 are due to underpayments with respect to amounts reported on joint returns, petitioner may obtain relief, if at all, only under section 6015(f).

We have jurisdiction to review respondent's denial of petitioner's request for equitable relief under section 6015(f). Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003); Butler v. Commissioner, 114 T.C. 276, 292 (2000). We review such denial of relief to decide whether respondent abused respondent's discretion by acting arbitrarily, capriciously, or without sound basis in fact. Jonson v. Commissioner, supra at 125; Butler v. Commissioner, supra at 292. Whether respondent's denial of petitioner's request for relief under section 6015(f) was an abuse of discretion is a question of fact. Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002). Petitioner bears the burden of proving an abuse of discretion. Washington v. Commissioner, 120 T.C. 137, 146 (2003); see also Alt v. Commissioner, 119 T.C. 306, 311 (2002) ("Except as otherwise provided in section 6015, petitioner bears the burden of proof."); Jonson v. Commissioner, supra at 113 (same).

As directed by section 6015(f), the Commissioner has prescribed procedures to determine whether a taxpayer qualifies for relief from joint and several liability. These procedures

are set forth in Rev. Proc. 2000-15, 2000-1 C.B. 447.  This Court has upheld the use of these procedures in reviewing a negative determination.  See Washington v. Commissioner, supra at 147; Jonson v. Commissioner, supra at 125.  Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, lists seven conditions (threshold conditions) that must be satisfied before the Commissioner will consider a request for relief under section 6015(f).

If the threshold conditions are satisfied, Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, lists circumstances where relief will generally be granted, subject to two limitations.  If it is unclear whether these circumstances are satisfied, the Commissioner looks to Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, to determine whether the taxpayer should be granted equitable relief.

Rev. Proc. 2000-15, sec. 4.03(1), 2000-1 C.B. at 448, lists the following six factors that the Commissioner will consider as weighing in favor of granting relief for an unpaid liability (positive factors):  (1) The requesting spouse is separated or divorced from the nonrequesting spouse; (2) the requesting spouse would suffer economic hardship if relief were denied; (3) the requesting spouse was abused by the nonrequesting spouse; (4) the requesting spouse did not know or have reason to know that the reported liability would be unpaid at the time that the return was signed; (5) the nonrequesting spouse has a legal obligation

pursuant to a divorce decree or agreement to pay the unpaid liability; and (6) the unpaid liability is attributable to the nonrequesting spouse. Rev. Proc. 2000-15, sec. 4.03(2), 2000-1 C.B. at 449, lists the following six factors that the Commissioner will consider as weighing against granting relief for an unpaid liability (negative factors): (1) The unpaid liability is attributable to the requesting spouse; (2) the requesting spouse knew or had reason to know that the reported liability would be unpaid at the time that the return was signed; (3) the requesting spouse significantly benefited (beyond normal support) from the unpaid liability; (4) the requesting spouse will not suffer economic hardship if relief is denied; (5) the requesting spouse has not made a good faith effort to comply with Federal income tax laws in the tax years following the tax year to which the request for relief relates; and (6) the requesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the unpaid liability. No single factor is determinative, and the list is not exhaustive. See Washington v. Commissioner, supra at 148; Jonson v. Commissioner, supra at 125.

Petitioner is divorced from Robledo, and the divorce decree allocates tax liabilities to Robledo. Only those two factors weigh in her favor. Petitioner has not negated her knowledge of the reported liabilities, has not shown that she would suffer economic hardship if relief were denied, and has not shown that

the liabilities are attributable to Robledo.  Her returns for the

3 years subsequent to 1990 were delinquent until 1995.  We cannot

conclude on this record that denial of relief was an abuse of

discretion.

1991

The filing of a joint return is required for a taxpayer to

be granted relief under section 6015.  Raymond v. Commissioner,

119 T.C. 191 (2002).  Because she filed a separate return for

1991 and the subsequent attempted election of joint return status

was untimely under section 6013(b)(2), petitioner is not entitled

to relief for 1991.

1992, 1993, and 1994

As detailed in our Findings of Fact, respondent has made

concessions for 1992, 1993, and 1994.  Respondent's Appeals

Office and petitioner's representative determined an allocation

of the liabilities for those years under section 6015(c).

Petitioner has not contested the deficiencies or the allocations

and has not shown that she is eligible for additional relief

beyond that already granted to her.

To be eligible for relief under section 6015(b), petitioner

must show, among other things, that she did not know or have

reason to know of the understatement of tax on the subject

returns; that the understatements were attributable to Robledo;

and that, taking into account all the facts and circumstances, it

would be inequitable to hold her liable for the deficiency in tax attributable to the understatement. In view of petitioner's education, we do not accept her generalized allegations that she knew nothing about tax matters for the years in issue. She did not file timely returns for 1992, 1993, or 1994, even though she received compensation as a school teacher during those years. She acknowledges that, at the time the returns were filed, she was represented by an attorney and a certified public accountant. Petitioner and Robledo lived in a community property State and together owned rental real estate, some of which petitioner was awarded in the divorce decree. Petitioner seeks to be relieved of liability for taxes on her own income as well as that of Robledo, asserting that she was unfairly treated in the divorce proceedings and in the bankruptcy court. She has not satisfied the requirements for relief under section 6015(b). (The relief that she was granted under section 6015(c) includes any relief that she might have claimed under section 6015(b) with respect to items attributable solely to Robledo.)

For the same reasons, and applying the factors discussed with respect to 1990, we cannot conclude that denial of relief to petitioner under section 6015(f) was an abuse of discretion. We have considered the other arguments made by petitioner. They

are irrelevant to the legal issues in this case.  To reflect

respondent's concessions and the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.