# United States Tax Court

T.C. Memo. 2023-153

FANNIE WRIGHT,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 21509-18.                          Filed December 27, 2023.

————

*Joseph A. DiRuzzo III* and *Daniel M. Lader*, for petitioner.

*Derek P. Richman* and *Daniel C. Munce*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, *Judge*: This proceeding was commenced under section 6015[1] for review of the Internal Revenue Service's (IRS) determination that petitioner is not entitled to relief from joint and several liability with respect to joint federal income tax returns filed in her name for taxable years 2013–15 (years at issue). The issues for decision are whether petitioner is entitled to (1) relief under section 6015(b), (c), or (f) for 2013 and 2014 and (2) relief under section 6015(f) for 2015.

## FINDINGS OF FACT

Some of the facts are stipulated and are so found. The parties' Joint First Stipulation of Facts and the Exhibits attached thereto are

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] incorporated herein by this reference. Petitioner resided in Florida when she filed her Petition.

## I.    *Petitioner's spouse and their income*

Petitioner and her husband, Willie J. Wright (Mr. Wright or nonrequesting spouse), were married in 1973. The Wrights remained married until Mr. Wright's death in August 2016. All of his assets passed to petitioner.[2]

During the years at issue Mr. Wright was employed as a butcher at a supermarket, earning wage income from which federal income tax was withheld. Petitioner completed a one-year licensed practical nurse (LPN) program and passed her LPN certification exam in the early 1980s. She worked as an LPN until she suffered an injury at the workplace which caused her to cease working on May 29, 2012. Petitioner received Social Security disability benefits as a result of the injury. This Social Security income was the only income petitioner received for the years at issue, with the possible exception of certain nominal amounts of interest.

## II.    *Tax returns and examination*

For each year at issue, a joint federal income tax return was electronically filed in the names of petitioner and Mr. Wright. Each return was prepared by a paid return preparer and contains the electronic signatures of petitioner and Mr. Wright.

### A.    *2013*

On April 15, 2014, a joint federal income tax return was filed in the names of petitioner and Mr. Wright. Petitioner received approximately $18,881 in Social Security income in 2013. The joint return reported the nonrequesting spouse's wages and withholdings but did not report petitioner's Social Security income and a nominal amount of interest income. The Wrights received a refund of $3,278 for 2013 because the withholdings from the nonrequesting spouse's wages exceeded the reported tax liability.

In August 2015 respondent issued the Wrights a notice of deficiency for 2013 which determined a deficiency of $2,460. The

---

[2] This finding is derived from Exhibits 20-R and 21-R, which are within our scope of review. *See infra* note 4.

[*3] deficiency resulted from the omission of petitioner's Social Security income and $14 of interest income, both of which were reported to respondent by means of third-party information returns.

The Wrights subsequently executed Form 5564, Notice of Deficiency—Waiver, on which they consented to the assessment of the deficiency. Petitioner and Mr. Wright each signed the waiver. The 2013 deficiency was thereafter assessed.

B.    *2014*

On April 15, 2015, a joint federal income tax return for 2014 was filed in the names of petitioner and Mr. Wright. Petitioner received $17,723 in Social Security disability income in 2014. The joint return reported the nonrequesting spouse's wages and withholdings but did not report petitioner's Social Security income and a nominal amount of interest income. The Wrights received a refund of $3,056 for 2014 because withholdings from the nonrequesting spouse's wages exceeded the reported tax liability.

In August 2016 respondent issued to the Wrights a notice of deficiency that determined a deficiency of $2,310 for 2014. The 2014 deficiency resulted from the omission of petitioner's Social Security income and $34 of interest income. The Wrights did not file a petition with this Court for redetermination of the 2014 deficiency or otherwise respond to the notice. The 2014 deficiency was thereafter assessed.

C.    *2015*

On April 15, 2016, a joint federal income tax return for tax year 2015 was filed in the names of petitioner and Mr. Wright. Petitioner received $18,023 in Social Security income for 2015 which was reported on that year's joint return along with the nonrequesting spouse's wages and withholdings. Of the $42,543 of taxable income reported, $7,334, or 17.2%, is attributable to petitioner.

The joint return reported a tax liability of $5,456. Petitioner's attributable portion of the tax liability is $941. Petitioner additionally incurred a health care individual responsibility payment liability of $954. Taking the health care individual responsibility payment into account, the total tax liability for 2015 was $6,410, with $1,895 being attributable to petitioner. A significant portion of this liability was satisfied by $5,088 of withholdings from Mr. Wright's wages, but there remained a $1,322 underpayment of tax.

**[\*4]** III.   *Petitioner's request for relief*

Respondent received petitioner's Form 8857, Request for Innocent Spouse Relief, in January 2017. Respondent issued a preliminary determination denying petitioner's request for innocent spouse relief for the years at issue in June 2017. Petitioner subsequently submitted Form 12509, Innocent Spouse Statement of Disagreement, to appeal the preliminary determination. Her case was assigned to the IRS Office of Appeals.[3]

In August 2018 Appeals issued a Letter 3288, Final Appeals Determination (final determination), sustaining the denial of relief under section 6015(b), (c), and (f) for 2013 and 2014, and the denial of relief under section 6015(f) for 2015. The final determination explained that the denial of innocent spouse relief was due to the fact that the understatements of tax for 2013 and 2014 and the underpayment of tax for 2015 resulted from items of income solely attributable to petitioner.

OPINION

Generally, married taxpayers who elect to file a joint federal income tax return are jointly and severally liable for the entire tax liability due on that return. § 6013(d)(3); *Butler v. Commissioner*, 114 T.C. 276, 282 (2000). A spouse may seek relief from this joint and several liability under section 6015(b) or, if eligible, may allocate liability under section 6015(c). If relief is not available under subsection (b) or (c), a requesting spouse may seek equitable relief under subsection (f).

I.   *Basis for jurisdiction*

This is a so-called stand-alone case wherein petitioner seeks review under section 6015, independent of any deficiency proceeding, of respondent's denial of relief from joint and several liability. Section 6015(e)(1)(A) gives us jurisdiction to determine the appropriate relief available to a requesting spouse under section 6015(b), (c), and (f).

Petitioner's principal contention is that she did not intend or authorize a joint return to be filed on her behalf for any of the years at

---

[3] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019). We will use the name in effect at the times relevant to this case, i.e., the Office of Appeals or Appeals.

**[\*5]** issue. She maintains that Mr. Wright misled or deceived her and filed joint returns without her knowledge or consent. Accordingly, she contends, the joint returns for the years at issue are invalid. From this premise she first argues that we lack jurisdiction over this case. However, petitioner mistakenly conflates the grant of jurisdiction to review innocent spouse relief determinations in section 6015(e) with the conditions that she must satisfy to obtain such relief. "The predicates for our jurisdiction in a stand-alone proceeding under section 6015 are a claim by a taxpayer, a final determination, and a timely petition." *Gormeley v. Commissioner*, T.C. Memo. 2009-252, slip op. at 7. The filing of a joint return is a condition for relief under section 6015. § 6015(b)(1), (c)(1); *Raymond v. Commissioner*, 119 T.C. 191, 195 (2002). Petitioner's argument has been made to this Court before, and we found that "the filing of a joint return is a condition for relief under section 6015 but not for our review of the denial of a claim for relief." *See Abdelhadi v. Commissioner*, T.C. Memo. 2018-183, at \*6 (citing *Gormeley*, T.C. Memo. 2009-252). Our jurisdiction to hear this case is clear.

## II.  *Standard and scope of review*

We apply a de novo standard of review to any determination made by the Commissioner under section 6015. *Porter v. Commissioner*, 132 T.C. 203, 210 (2009), *superseded in part by statute*, Taxpayer First Act § 1203, 133 Stat. at 988. Under the law applicable to this case, we will also employ a de novo scope of review.[4] The taxpayer requesting relief under section 6015 generally bears the burden of proving that he or she is entitled to relief. *See* Rule 142(a); *Porter*, 132 T.C. at 210.

## III.  *Scope of section 6015(e)(1)(A) jurisdiction*

Petitioner also contends that because she did not consent to the filing of joint returns on her behalf for the years at issue, the returns are invalid, respondent's assessments for those years "are void and a nullity," and she is not liable for them. Petitioner's attempt to have us

---

[4] Section 6015(e)(7), prescribing the standard and scope of review for our review of determinations under section 6015, is inapplicable in this case. Subsection (e)(7) was added to section 6015 by Taxpayer First Act § 1203 and applies to section 6015 petitions filed on or after July 1, 2019. *See Sutherland v. Commissioner*, 155 T.C. 95, 96–97, 105 (2020). The Petition in this case was filed on October 31, 2018. Accordingly, we entered an Order after the release of *Sutherland* in which we explained that this case would be governed by the broad scope of review contemplated by *Porter*, 132 T.C. at 206–10.

**[\*6]** nullify the assessments for the years at issue goes beyond the jurisdiction conferred on us by section 6015(e)(1)(A). Our jurisdiction in a stand-alone section 6015 case is limited to determining whether the requesting spouse is entitled to relief from an existing liability under the terms of section 6015(b), (c), or (f). It does not extend to determining whether the liability from which petitioner seeks relief is itself correct. *See Block v. Commissioner*, 120 T.C. 62, 68 (2003) ("[O]ur jurisdiction in a 'stand alone' case brought pursuant to section 6015(e) is limited to reviewing [the Commissioner's] denial of relief from an existing joint and several liability under subsections (b), (c), and (f) of section 6015."); *see also Abdelhadi*, T.C. Memo. 2018-183. Regardless of whether petitioner consented to having joint returns filed on her behalf, we lack jurisdiction to review that claim in this proceeding insofar as it might bear on the correctness of the assessments.[5]

IV. *Conditions for section 6015 relief*

We turn now to whether petitioner qualifies for relief under section 6015. The conditions for relief respectively applicable under section 6015(b) and (f) are conjunctive. Failure to satisfy any one of the requirements prevents petitioner from qualifying for relief. *See Alt v. Commissioner*, 119 T.C. 306, 313 (2002) (noting the conjunctive nature of the threshold requirements under section 6015(b)), *aff'd*, 101 F. App'x 34 (6th Cir. 2004); Rev. Proc. 2013-34, 2013-43 I.R.B. 397 (setting forth the seven threshold conditions that a taxpayer must satisfy before the Commissioner will consider granting equitable relief), *modifying and superseding* Rev. Proc. 2003-61, 2003-2 C.B. 296. In the case of relief under section 6015(c), if it is determined that a deficiency is entirely allocable to the requesting spouse, the Court need not consider any other factor. *Francel v. Commissioner*, T.C. Memo. 2019-35, at \*45–46 (declining to determine whether disqualified assets were transferred under section 6015(c)(4) because it had already been determined the deficiencies were allocable to the requesting spouse). As discussed *infra*,

---

[5] While we lack jurisdiction to review the validity of the assessments for the years at issue, we note with respect to 2013 that after respondent issued a notice of deficiency for that year, petitioner executed Form 5564 consenting to the assessment of a deficiency premised upon her joint filing status. For 2014 petitioner failed to petition this Court with respect to a notice of deficiency issued to her for that year premised upon her joint filing status. The assessment for 2015 was based upon a liability reported as due on a joint return filed for that year. *See* § 6201(a)(1). Petitioner is presumably entitled to challenge the existence or amount of that liability in a section 6330 proceeding in the event respondent seeks to collect it. *See Montgomery v. Commissioner*, 122 T.C. 1 (2004).

**[\*7]** petitioner has failed to show that the liabilities at issue are not attributable to her.

### A.    *Relief under section 6015(b)*

To be entitled to relief under section 6015(b), a taxpayer must satisfy each of the following requirements: (1) a joint return was filed for the year(s) at issue; (2) the return(s) contain an understatement of tax attributable to an erroneous item of the nonrequesting spouse; (3) at the time of signing the return, the requesting spouse did not know and had no reason to know of the understatement; (4) taking into account all the facts and circumstances, it is inequitable to hold the requesting spouse liable for the deficiency in tax attributable to the understatement; and (5) the requesting spouse's claim for relief is timely.  § 6015(b)(1); *Alt*, 119 T.C. at 313.

Petitioner has not met her burden to show that the understatements in tax for 2013 and 2014 are attributable to Mr. Wright.  The parties declined to present facts or arguments concerning to whom the interest income is attributable, and the notice is redacted so that we are unable to make the determination.  Petitioner having failed to show the interest income is attributable to Mr. Wright, it follows it is attributable to her.  Thus, the 2013 and 2014 deficiencies are entirely attributable to petitioner, consisting of her Social Security benefits and the interest income.  She accordingly is ineligible for relief on that basis alone, and we will sustain Appeals' determination denying relief under section 6015(b).

### B.    *Relief under section 6015(c)*

Under section 6015(c), if the requesting spouse is no longer married to or is legally separated from the spouse with whom she filed the joint return, he or she may elect to limit liability for a deficiency as provided in section 6015(d).  § 6015(c)(1), (3); *see also Hopkins v. Commissioner*, 121 T.C. 73, 80 (2003) ("The purpose of section 6015(c) is to allocate the tax liability between the individuals who filed a joint return in approximately the same way it would have been had the individuals filed separately.").  A requesting spouse is no longer married if she is widowed.  *See Rosenthal v. Commissioner*, T.C. Memo. 2004-89, slip op. at 20 n.10.

Under section 6015(d), a portion of the deficiency is allocable to the electing spouse if the erroneously reported items giving rise to that portion of the deficiency are allocable to the electing spouse.

[*8] § 6015(d)(1). An item is allocated to the individuals filing the joint return "in the same manner as it would have been allocated if the individuals had filed separate returns for the taxable year." § 6015(d)(3)(A).

The deficiencies for the years at issue are entirely traceable to petitioner's Social Security benefits and to the unreported interest income that she has failed to show is attributable to Mr. Wright. Had she filed a separate return in the first instance, the Social Security income would have been properly reported on petitioner's return. Allocating the 2013 and 2014 deficiencies as prescribed by section 6015(d) would, therefore, provide petitioner no relief. We will sustain Appeals' determination denying section 6015(c) relief to petitioner.

C.    *Relief under section 6015(f)*

Section 6015(f) provides alternative relief for a requesting spouse who does not qualify under section 6015(b) or (c). And section 6015(f) is the sole avenue for relief with respect to 2015, as there is no deficiency for that year but only an underpayment of tax. *See Hopkins*, 121 T.C. at 88. Section 6015(f)(1) permits relief from joint and several liability if it would be inequitable to hold the requesting spouse liable for any unpaid tax or deficiency. Under section 6015(f) the Secretary may grant equitable relief to a requesting spouse on the basis of the facts and circumstances. Petitioner bears the burden of proving that she is entitled to equitable relief under section 6015(f). *See* Rule 142(a); *Porter*, 132 T.C. at 210.

The Commissioner has specified in Rev. Proc. 2013-34 the procedures governing equitable relief. Although we are not bound by Rev. Proc. 2013-34, and our determination ultimately rests on an evaluation of all the facts and circumstances, we will analyze petitioner's request under the guidelines set forth therein to ascertain whether she satisfies the requirements for relief. *See Pullins v. Commissioner*, 136 T.C. 432, 438–39 (2011); *Johnson v. Commissioner*, T.C. Memo. 2014-240, at *10.

Rev. Proc. 2013-34, § 4.01, 2013-43 I.R.B. at 399–400, sets forth seven threshold conditions that must be satisfied before the requesting spouse will be eligible for equitable relief under section 6015(f). The threshold conditions are as follows: (1) the requesting spouse filed a joint return for the taxable year for which he or she seeks relief, (2) relief is not available under section 6015(b) or (c), (3) the claim for relief is

**[\*9]** timely, (4) no assets were transferred between the spouses as part of a fraudulent scheme, (5) the nonrequesting spouse did not transfer disqualified assets to the requesting spouse, (6) the requesting spouse did not knowingly participate in the filing of a fraudulent return, and (7) the tax liability from which the requesting spouse seeks relief is attributable to an item of the nonrequesting spouse. Rev. Proc. 2013-34, § 4.01. Several exceptions to the requirement that the tax liability be attributable to the nonrequesting spouse exist, but none is relevant to petitioner's case. *Id.* § 4.01(7).

Appeals denied equitable relief on the basis that the understatements of tax for 2013 and 2014 and the underpayment of tax for 2015 all result from items of income that are attributable to petitioner. The Wrights received tax refunds for 2013 and 2014 because the nonrequesting spouse's wage withholdings exceeded the tax liabilities derived from those wages. For 2015 respondent indicated at trial and in his briefs that the only payments petitioner and her husband made with respect to 2015 were Mr. Wright's withholdings and that the withholdings exceeded his share of the liability.

The tax liabilities petitioner seeks relief from are solely attributable to her income. Petitioner has failed to satisfy the seventh of the threshold requirements set forth in Rev. Proc. 2013-34, "and is therefore ineligible to request section 6015(f) relief." *See Johnson*, T.C. Memo. 2014-240, at \*14. We will sustain Appeals' determination denying petitioner relief under section 6015(f).

V.    *Conclusion*

Taking into consideration all the facts and circumstances, we conclude that petitioner is not entitled to innocent spouse relief under section 6015 for 2013, 2014, or 2015. We conclude that it would not be inequitable to deny relief because the income is attributable to the requesting spouse.

We have considered all of the parties' arguments and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*