T.C. Summary Opinion 2006-19


UNITED STATES TAX COURT



LYNDA DIANE SAMPSON-GRAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7689-04S.          Filed February 6, 2006.


Lynda Diane Sampson-Gray, pro se.

<u>Joseph J. Boylan</u>, for respondent.


THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code, as amended.

Pursuant to section 6330(d), petitioner seeks review of an Appeals Office determination sustaining a levy on petitioner's State income tax refund. The issue for decision is whether respondent abused his discretion in issuing the notice of determination.

<u>Background</u>

Petitioner filed her 1991, 1992, and 1997 Federal income tax returns late. Respondent assessed the taxes shown on the returns and related additions to tax for failure to timely file returns and pay taxes due.

On or about October 1, 2002, respondent levied $537.32 of petitioner's State tax refund. Respondent recorded this amount as a payment on petitioner's 1991 account, along with various other payments, generating overpayment credits which respondent transferred to petitioner's 1992 and 1997 accounts.

On February 3, 2003, respondent issued to petitioner a notice indicating that the IRS had levied $537.52 of her State tax refund to pay her unpaid Federal tax (no year specified). Petitioner timely mailed to respondent a request for a hearing under section 6330 as to the levy.

Following exchanges of correspondence and a conference between petitioner and representatives of respondent's Appeals Office, on April 5, 2004, the Appeals Office issued a Notice of Determination, which states that it relates to petitioner's 1997

tax year.[2]  On the same date, the Appeals Office also issued to

petitioner a "Decision Letter Concerning Equivalent Hearing

Under Section 6320 and/or 6330 of the Internal Revenue Code"

(the decision letter), which states that it relates to

petitioner's 1991 tax year but is otherwise essentially

identical to the Notice of Determination.[3]  The Notice of

Determination and the decision letter conclude identically that

the required procedures had been followed for the levy on the

State tax refund.  The Notice of Determination and the decision

letter state identically:

> Although the liability is fully satisfied, you did not
> agree with our assessments, yet offered no substantive
> evidence, arguments, or legal authority, to support
> your position.  I advised you to file * * * [a Form]
> 843 [Claim for Refund and Request for Abatement]
> claim, since there are no other collection
> alternatives necessary.  The action by Compliance to
> levy has been sustained.

---

[2] An attachment to the Notice of Determination states that because petitioner never received a Notice of Intent to Levy for 1992, "that year is not part of this hearing".

[3] Apparently, the decision letter was issued for 1991, rather than a notice of determination, on the ground that petitioner had timely failed to request a hearing with respect to collection action relating to her 1991 tax year.  Respondent alleges that on Oct. 21, 2002, he issued to petitioner, with respect to her 1991 tax liability, a Notice of Intent to Levy and Notice of Your Right to Request a Hearing Under Section 6330 and that petitioner did not request a hearing with respect to this notice.

Petitioner timely filed her petition in this Court, indicating that she disagreed with respondent's determinations for 1991 and 1997. She requested a refund of $537.52.[4]

## Discussion

If a person neglects or refuses to make payment of any assessed Federal tax liability within 10 days of notice and demand, the Secretary is authorized to collect the assessed tax by levy on the person's property. Sec. 6331(a). Section 6330(a) provides, however, that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a fair hearing before making the levy. The person has 30 days after issuance of the notice to request the hearing. Sec. 6330(a)(3)(B); sec. 301.6330-1(b)(1), Proced. & Admin. Regs.

Under section 6330(f)(2), if the Secretary has served a levy on a State to collect a Federal tax liability from a State tax refund, the requirement of notice and opportunity for hearing before levy under section 6330 shall not apply. Nonetheless, the taxpayer shall be given the opportunity for the hearing described in section 6330 within a reasonable period of

---

[4] After a hearing in which petitioner questioned respondent's computations for her liability, respondent reported to the Court that a review by an IRS revenue officer had determined that petitioner had overpaid the interest due on her 1991 income tax liability by $139.02 and that respondent had abated this amount of interest.

time after the levy.  Sec. 6330(f) (flush language).  We have jurisdiction under section 6330(d) to review respondent's determination regarding the levy upon petitioner's State tax refund.  See Clark v. Commissioner, 125 T.C. 108 (2005).

Respondent has filed a motion to dismiss for lack of jurisdiction and to strike as to petitioner's 1991 tax year, on the ground that petitioner failed to timely request a hearing within 30 days after the alleged issuance on October 21, 2002, of a notice of intent to levy with respect to petitioner's 1991 tax liability.  There is no dispute, however, that petitioner timely requested a hearing with respect to the February 3, 2003, notice of levy upon her State tax refund, and that the levied funds were recorded as a payment against petitioner's 1991 tax liability, generating overpayment credits that respondent applied against her 1992 and 1997 tax liabilities.  On the same date that respondent issued the Notice of Determination relating to petitioner's 1997 tax year, respondent also issued an "Equivalent Hearing" decision letter concerning petitioner's 1991 tax year. That decision letter, coupled with petitioner's timely petition to this Court, serves to invoke this Court's jurisdiction as to petitioner's tax year 1991 under section 6330(d)(1).  See Craig v. Commissioner, 119 T.C. 252 (2002).  Accordingly, we shall deny respondent's motion.

There is no dispute that petitioner's 1991 and 1997 tax liabilities have been fully satisfied and that respondent is no longer pursuing any collection action with respect to those tax liabilities.  The only relief petitioner has sought in this proceeding is a refund of $537.52, on the ground that the levy has resulted in overpayment of her 1991 and 1997 taxes by that amount.  Although neither party has contested our jurisdiction to consider petitioner's refund claim in this section 6330 proceeding, jurisdiction may not be conferred upon the Court by agreement or through equitable principles such as estoppel. Clark v. Commissioner, supra at 109.  This Court can, sua sponte, question its jurisdiction at any time.  Id.; Smith v. Commissioner, 124 T.C. 36, 40 (2005).

This Court has recently held that it lacks jurisdiction in section 6330 collection proceedings to determine the amount of an overpayment or to order a refund or credit of taxes.  Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006).  Accordingly, this Court lacks jurisdiction to consider petitioner's claim for a refund in this collection proceeding.  Petitioner has not alleged, and the record does not suggest, any procedural defect in the levy upon her State tax refund such as might warrant the Court's exercise of its inherent equitable powers to order the

Commissioner to return petitioner's State tax refund to her.[5] Cf. <u>Zapara v. Commissioner</u>, 124 T.C. 223 (2005) (requiring the Commissioner to provide the taxpayer a credit with respect to property that the Commissioner had seized pursuant to a jeopardy levy but had improperly refused to sell in compliance with the taxpayer's request made pursuant to section 6335(f)); <u>Chocallo v. Commissioner</u>, T.C. Memo. 2004-152 (requiring the Commissioner to return to the taxpayer, with interest, the amount collected by levy where the levy had been made without following the hearing procedures required under section 6330(b)).

Although petitioner cannot pursue her claim for a refund in this Court, she is not without a remedy, as she may file a claim for refund with the IRS (as suggested in the Notice of Determination and in the decision letter), and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970); <u>Koerner v. Commissioner</u>, T.C. Memo. 1997-144.

In light of the foregoing,

<u>Decision will be entered for respondent</u>.

---

[5] We expect respondent, however, to give petitioner proper credit for the $139.02 of interest that respondent admits petitioner overpaid for 1991.